WORTHINGTON LIVE STOCK COMPANY, Respondent, v. CONSOLIDATED COAL COMPANY OF ST. LOUIS, Appellant.

St. Louis Court of Appeals.    Argued and Submitted November 14, 1912.   Opinion Filed December 14, 1912.

1. PLEADING: Amendment to Conform to Proof: Damages: Evidence. Where the petition, in an action for damages for the alleged negligent loss of goods, averred that plaintiff was damaged in a certain sum, the court did not err in admitting evidence as to the value of the several articles lost and in per-

Live Stock Co. v. Coal Co.

mitting plaintiff to amend the petition at the close of the testimony to conform to the evidence.

2. **BOATS AND VESSELS: Negligence: Action for Loss of Goods: Sufficiency of Evidence.** In an action for the loss of goods from a barge, alleged to have been due to the negligent failure of defendant to cast off the lines connecting its tug to the barge before the tug commenced backing away and after the barge had been fastened to the bank, whereby the barge was caused to break loose from its mooring and float away, causing the goods to fall overboard, *held* that the evidence, though slight, was sufficient to take the case to the jury.

3. ———: ———: ———: **Instructions: Refusal.** In an action for the loss of goods from a barge, alleged to have been due to the negligent failure of defendant to cast off the lines connecting its tug to the barge before the tug commenced backing away and after the barge had been fastened to the bank, whereby the barge was caused to break loose from its mooring and float away, causing the goods to fall overboard, where it was shown that, prior to the alleged negligence, the barge had careened to one side so as to threaten to throw off part of its cargo, it was error to refuse an instruction requested by defendant, that if the loss was not due to defendant's negligence, but was due to the manner in which the goods were loaded on the barge, the jury should find for defendant.

4. ———: ———: ———: **Instructions: Refusal.** In an action for the loss of goods from a barge, alleged to have been due to the negligent failure of defendant to cast off the lines connecting its tug to the barge before the tug commenced backing away and after the barge had been fastened to the bank, whereby the barge was caused to break loose from its mooring and float away, causing the goods to fall overboard, the erroneous refusal of an instruction requested by defendant, that if the loss was not due to defendant's negligence, but was due to the manner in which the goods were loaded on the barge, the jury should find for defendant, was not rendered innocuous by reason of the giving of an instruction at the instance of plaintiff, that, though the captain of the tug refused to tow the barge, because of the unsafe manner in which it was loaded, until plaintiff agreed to be responsible for any loss of cargo due to the manner of loading, such agreement did not absolve defendant from using ordinary care in handling the barge, but did absolve it from responsibility for loss due to the insecure loading while the barge was in tow; the instruction given not covering the thought contained in the instruction refused.

Appeal from St. Louis City Circuit Court.—*Hon.*
*William M. Kinsey,* Judge.

REVERSED AND REMANDED.

*James F. Green* and *Ernest A. Green* for appel-lant.

The court erred in refusing to give to the jury defendant's instructions numbered I and II, in the nature of peremptory instructions to find for the defendant. There was absolutely no evidence of any negligence whatever on part of the defendant, constituting a basis for recovery upon the specifications of negligence charged in the petition, and on which the case was submitted to the jury. Kelly v. Railway Co., 125 S. W. 820; Warner v. Railway, 178 Mo. 125; Root v. Railway Co., 195 Mo. 348; Smart v. Kansas City, 91 Mo. App. 586; Patton v. Railroad, 179 U. S. 663; Peck v. Railway Co., 31 Mo. App. 128; Chitty v. Railroad, 148 Mo. 79; Fulwider v. Gas Co., 216 Mo. 600; Ferguson v. Railroad, 123 Mo. App. 590; Todd v. Railroad, 126 oM. App. 684; Orcutt v. Building Co., 201 Mo. 424. (2) The court erred in refusing to give to the jury defendant's instruction No. III; if plaintiff's loss was caused by reason of the manner in which the cargo was loaded on the lumber barge by plaintiff's employees, then there was no liability on part of the defendant. The error was not cured by plaintiff's instruction No. II, as it does not cover the same point. Lee v. Jones, 181 Mo. 291; Stanley v. Railroad, 114 Mo. 606; Barkley v. Railroad, 96 Mo. 367; Clippard v. Transit Co., 202 Mo. 448; Lumber Co. v. Dent, 121 Mo. App. 108. (3) The court erred in admitting evidence as to the value of the specific items of property lost, since there was no averment in the petition as to their value, or that by the loss of them the plaintiff sustained any loss. The court further erred in permitting plaintiff to amend its petition by interlineation, after this testimony was received over the defendant's objection. Coles v. Foley, 13 Mo. App. 249; Horton v. Railroad, 83 Mo. 541; Carter v. Shotwell,

42 Mo. App. 663; Dolley v. Railroad, 36 Mo. App. 381; Coontz v. Railroad, 115 Mo. 669; Carter v. Dilley, 167 Mo. 564; Joyce v. Growney, 154 Mo. 253; Hackett v. Van Frank, 119 Mo. App. 648; Pruett v. Warren, 71 Mo. App. 84.

*George J. Heieck* for respondent.

(1) (a) There was sufficient evidence sustaining the charge of negligence set out in plaintiff's statement, and the trial court acted properly in submitting the case to the jury. Where the evidence, when considered most favorably for plaintiff with every reasonable inference in his favor, establishes a case, or when reasonable minds may differ as to the effect of the evidence, the trial court must allow the case to go to the jury. 38 Cyc. 1536; Hollweg v. Bell Tel. Co., 195 Mo. 149; Eckhard v. Transit Co., 190 Mo. 593; Powers v. Transit Co., 202 Mo. 267; Hurst v. Mining Co., 141 S. W. 470; Ellis v. Railway Co., 234 Mo. 657; Mauerman v. Siemertz, 71 Mo. 101. (b) Having demurred to the evidence, defendant admitted every fact to be true which the evidence tends to prove, whether directly or by reasonable inference, and the court in passing on the demurrer is required to make every inference of fact in favor of the party offering the evidence which the jury might with propriety make, and if when viewed in that light the evidence will support a verdict the demurrer must be overruled. Kinlen v. Railroad, 216 Mo., l. c. 155; Booker v. Railway, 144 Mo. App. 273; Meily v. Railroad, 215 Mo. 567; Montgomery v. Railroad, 181 Mo. 504. (2) The instructions given fully instructed the jury as to the law in the case, and defendant's instruction No. III was properly refused. It is elementary and well-settled law that the trial court may properly refuse requested instructions, although they announce correct rules of law, where the propositions therein enunciated are fully and correctly covered by the general charge or

by other instructions given on request of either party. 38 Cyc. 1711; Woods v. Railway, 188 Mo. 229; Shotwell v. Gordon, 121 Mo. 485; Montgomery v. Railroad, 181 Mo. 499; McBaine v. Johnson, 155 Mo. 204; Stobie v. Earp, 110 Mo. App. 75; Beatty v. Clarkson, 110 Mo. App. 5; Pinn v. Transit Co., 108 Mo. App. 712. (3) The trial court acted within its discretion in allowing plaintiff to introduce evidence of, and to amend its petition for the purpose of inserting the reasonable value of the articles sued for. R. S. 1909, sec. 1848; McClanahan v. Boggess, 154 Mo. App. 600; Finer v. Nichols, 158 Mo. App. 539; Scovill v. Glassner, 79 Mo. 449. (4) Plaintiff's evidence tended to support negligence on the part of defendant as alleged, and the jury having found the facts in favor of plaintiff, the appellate court will not disturb the verdict.

REYNOLDS, P. J.—This is an action for damages for the loss of the cargo of a barge, designated as "the lumber barge." The appellant company, it is averred, was engaged in the towing business and was employed to tow this so-called lumber barge and another barge, known as the "hog barge," from Chelsa Island to a point above that on the Mississippi river.

There are two assignments of negligence. The first is in connection with the manner in which the towing was done, it being alleged that the barge had been made to career in consequence of that. It is unnecessary to notice this assignment as the proof fails to show any loss occasioned while the barges were in course of the voyage; that is, none of the articles with which the barge was loaded and which are alleged to have been lost, fell off of the barge while the barge was being pushed or towed up the river. The barge was pushed into shore and tied up with its cargo all aboard, although that cargo had slipped.

The second allegation of negligence is that when the lumber barge approached the river bank for the

purpose of being tied up, it was made fast to the bank and that defendant's servants and agents "negligently and carelessly backed the said tug and hog barge out from the Missouri bank of the river while some or all of the ropes leading from the lumber barge were still entangled and connected with the hog barge or the tug, by reason of which backing of the hog barge and of the tug the lumber barge was torn from the Missouri bank of the river and its cargo caused to be shaken from it and a portion thereof lost to plaintiff to its damage." The sum of $1295.07 is claimed as damages both for the articles lost, time lost, expense incurred in attempting to recover the articles, etc., the damage stated in gross at the above sum, without particularization of the damage claimed under each head.

There was evidence in the case tending to show that when the tug of the appellant took hold of these two barges for the purpose of towing them up the river, the "lumber barge," so-called because its load was principally made up of lumber, on top of which an engine and other machinery were loaded, was in front of the tug, and that the "hog barge," so-called because loaded with hogs, was alongside of the tug and to the rear of the lumber barge, lines being attached to the tug and to the two barges respectively; that while the barges were being pushed or towed up the river by the tug the lumber barge began to career and threatened to capsize and throw off the upper part of its load. Mr. Worthington, the head of the Live Stock Company, respondent here, who was on the tug, insisted that the captain of the tug stop the engine or let up and slack the tow lines so that the barge would be righted. The captain refused to do this for a time but finally, realizing the danger of the load slipping off of the lumber barge, turned in towards the shore and endeavored to land that barge. Reaching the shore, a volunteer not connected with either plaintiff

or defendant, took a line ashore and fastened it to a tree near the bank. Calling out that the line was fastened, the tug with the "hog barge" in charge started to back out when a crash was heard and it was found that the bank had given away and the tree to which the line was attached had fallen into the river. Thereupon the lumber barge commenced floating down the river. Before it could be rescued by the tug which followed it, a quantity of the cargo, among other things, the engine and other machinery, slipped off into the river and was lost.

The jury returned a verdict in favor of plaintiff, assessing its damages at $477.63. Judgment followed, defendant filing a motion for new trial and that being overruled and exceptions saved, has duly perfected its appeal to this court.

Plaintiff, during the progress of the trial, introduced in evidence testimony as to the value of each of the articles claimed to have been lost off the barge. Defendant objected to this testimony as not founded on allegations in the petition. The court, however, admitted it, over the objection and exception of defendant, and at the close of the testimony plaintiff was allowed to amend its petition to conform to the evidence, which it did, specifically setting out the value of the articles which it claimed it had lost, placing the total value at $575.95, defendant duly saving exception to the amendment. We see no error in the action of the trial court in allowing the testimony as to the value of the several articles lost, even if such value had not been specifically stated in the petition.

The court very properly confined the damage recoverable to the articles lost, all claims for the other elements of damage having been abandoned by plaintiff.

Counsel for appellant strenuously insist that there was no probative testimony in the case authorizing its submission to the jury. We have read all the tes-

timony, as abstracted by counsel, very carefully and cannot agree to this contention. To entitle plaintiff to recover under the allegations of its petition and to prove the negligence alleged, it was necessary to prove that the appellant had failed to cast off all of the lines connecting the lumber barge with the hog barge and with the tug before the tug commenced backing out from the lumber barge after that barge had been tied up to the tree on the bank; for the contention is, that the failure to do this resulted in putting an undue strain on the tree to which the barge was tied and that this was the direct cause of the barge breaking loose. It must be conceded that the evidence tending to show that the lines were not cast off is slight and not very satisfactory to us; but there was such evidence as to this fact as warranted the jury in finding it as a fact. With that in the case, it cannot be held that there was no evidence to support the finding, it being assumed that the jury were required to find that there was a negligent failure to cast off.

The court gave instructions asked for by plaintiff and several asked by defendant. The defendant asked this instruction, marked 3, which the court refused to give, defendant duly excepting:

"The court instructs the jury that if you find from the evidence that the loss of plaintiff's barge was not due to any negligence or carelessness on part of defendant's employees in attempting to tow said barge, but that the engine, lumber and other property loaded on said barge, or portions thereof, were caused to fall into the river on account of the manner in which they were loaded on said barge by plaintiff's employees, then your finding must be for the defendant."

We are compelled to hold that the refusal of this instruction was reversible error. If it is true that the loss of the cargo of the lumber barge was occasioned by the manner in which the barge was loaded, then even if it broke loose from the shore through the

negligent act of. appellant, that was not the direct cause of the loss of the goods, and that issue was clearly presented in this instruction.

Counsel for respondent claims that this proposition was covered by the second instruction given at the instance of plaintiff. That instruction is as follows:

"Although you may find from the evidence that the captain in charge of defendant's boat refused to tow the lumber barge, owing to the unsafe manner in which it was loaded, until plaintiff, by its president, Mr. Worthington, agreed to be responsible for any loss of cargo due to the manner of loading, this agreement did not absolve defendant from using ordinary care in handling said barge, but did absolve defendant from responsibility for loss due to insecure loading while the barge was in tow."

We do not think this instruction reaches or covers the thought contained in the refused instruction.

For error in refusing this instruction, the judgment of the circuit court must be, and accordingly is, reversed and the cause remanded. *Nortoni* and *Caulfield, JJ.,* concur.

